THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| RIQO MARIANO PEREA,<br><br>                Petitioner,<br><br>v.<br><br>LARRY BENZON,<br><br>                Respondent. | **MEMORANDUM DECISION & ORDER GRANTING MOTION TO DISMISS**<br><br>Case No. 2:19-CV-408-DAK<br><br>District Judge Dale A. Kimball |

Represented by counsel, Petitioner filed a habeas-corpus petition. 28 U.S.C.S. § 2254 (2023). (ECF No. 1.) The State moves for dismissal. (ECF No. 9.) Petitioner opposes the motion to dismiss, (ECF No. 29), and moves to stay this action under *Rhines v. Weber*, 544 U.S. 269 (2005), (ECF No. 28). The State opposes the motion to stay. (ECF No. 31.) Having thoroughly reviewed the pleadings and all exhibits, the Court denies the motion to stay and the petition.

**I. BACKGROUND**

The factual and procedural background is drawn from a Utah Court of Appeals opinion:

> Perea, a member of the Ogden Trece gang, was visiting an Ogden home with several friends, including other Trece gang members. He got into a heated argument with members of the rival Norteños gang who were attending a wedding reception at a house across the street. Perea and his friends then got into a vehicle. As the vehicle pulled away, Perea, in the front passenger seat, climbed out the window, reached over the roof, and fired ten shots into the wedding crowd. Two people were killed, and others were injured.
>     A few days later, Perea confessed to police that he was the only person in the vehicle with a gun and that he fired the shots into the crowd. He also told police that he used a .22 caliber weapon, although the police had not disclosed that .22 was the caliber of gun used in the shooting. At trial, a witness . . . testified that it was Perea who fired from the vehicle into the crowd. Passengers in the vehicle also testified that it was Perea who fired the shots. A jury

> convicted Perea on two counts each of aggravated murder and attempted murder. He was sentenced to life in prison without the possibility of parole for the aggravated murder convictions and three years to life for the attempted murder convictions.
>     Perea appealed his convictions. The Utah Supreme Court upheld them and noted "the overwhelming evidence of Mr. Perea's guilt." *See State v. Perea*, 2013 UT 68, ¶ 103, 322 P.3d 624. The Court expressly upheld the admission of Perea's confession into evidence. *Id.* ¶ 96. Perea later filed a petition for postconviction relief, but the district court summarily dismissed it, determining that the Supreme Court, on direct appeal, had already adjudicated the claims raised in the petition. This court affirmed the district court's dismissal of that postconviction petition. *See Perea v. State*, 2017 UT App 67, ¶ 7, 397 P.3d 770. "

*Perea v. State*, 2018 UT App 229, at ¶¶ 2-4.

After his conviction was affirmed by the Utah Supreme Court, *Perea*, 2013 UT 68, Petitioner did not file a petition for certiorari review with the United States Supreme Court, nor did he petition the Utah Supreme Court for certiorari review regarding either of his two unsuccessful state post-conviction applications. *Id.*; *Perea v. State*, 2017 UT App 67.

Petitioner asserts the following grounds for relief in this federal habeas petition:

(A) Imposed under Utah Code §76-3-207.7 (2022), Petitioner's sentence violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because facts necessary to sentence him to life without parole (LWOP), as opposed to the other option of twenty-five-years-to-life, were not found by the jury.[1] (ECF No. 1, at 7.)

(B) Ineffective assistance of counsel because counsel did not raise the issues of:

---

[1] In Petitioner's appellate brief to the Utah Supreme Court on direct appeal, he states this issue was preserved by trial counsel: "Defense counsel filed a motion challenging the constitutionality of the life without parole statute as applied to Mr. Perea. R. 1480, 1500, 1550." (ECF No. 9-9, at 22.) And the Utah Supreme Court did not dispose of this issue on the basis that it was waived in the trial court. *State v. Perea*, 2013 UT 68, ¶ 120. The Court thus does not further consider Petitioner's argument (B)(1) here that trial counsel was ineffective for failing to raise this issue.

(1) how Petitioner's LWOP sentence violating *Apprendi*, because the facts used to support that sentence were not found by a jury. (*Id.* at 9.) Footnote one explains reasons why this ground will not be considered further.

(2) the *Apprendi* argument not "point[ing] out the necessity of [specifically] finding that the LWOP sentence was proportionate to the crime and [Petitioner's] culpability."[2] (*Id.* at 10.) Footnote two explains reasons why this ground will not be considered further.

(3) (at trial) "an instruction on imperfect self-defense." (*Id.* at 11.)

(4) (at sentencing) "the relevance of the previous gunfire," in that the trial court explained his LWOP decision was "in part because shots were fired at a large group" and Petitioner was "a danger to the community" who "would kill again" if "ever released from prison," but did not account for whether Petitioner believed "someone could be shooting at him decreas[ing] his culpability for firing second and the inference of future dangerousness that the shooting implies." (*Id.* at 11-12.)

Only ground "A" has any passing similarity to the grounds Petitioner exhausted in the state-court system (the only similar one is bolded), *State v. Perea*, 2013 UT 68:

---

[2] Petitioner argues here that,
> although an *Apprendi* argument was previously raised, the argument didn't specifically point out the necessity of the finding that the LWOP sentence was proportionate to the crime and Mr. Perea's culpability. However, to the extent that specific point matters, it was ineffective assistance not to raise it because, as the Utah Supreme Court recognized, that point was clear based on the surround statutes.

(ECF No. 1, at 10.)

With this argument, Petitioner conflates an alleged *Apprendi* issue and the issue decided by the Utah Supreme Court, titled, "Utah Code Section 76-3-207.7 Is Not Unconstitutionally Vague." *Perea*, 2013 UT 68, ¶¶ 110-19. To untangle this argument regarding whether the sentencing statute was vague and the sentencing court's consideration of the totality of circumstances in determining proportionality of a sentence: This was not framed as an *Apprendi* issue, and trial counsel gave ten paragraphs of substantive analysis to this argument; *Perea*, 2013 UT 68, ¶¶ 110-19; thus, Petitioner's attempt to wedge the vagueness issue into an ineffective-assistance issue under *Apprendi* is a red herring.

This issue--that counsel was ineffective for failing to "point out the necessity of [specifically] finding that the LWOP sentence was proportionate to the crime and [Petitioner's] culpability," (ECF No. 1, at 9), is thus not considered further. The issue was raised without reference to *Apprendi*, which has applicability only to *who* should have found the facts, not *what* findings should have been made by whichever factfinder (the court or the jury).

3

(1) The trial court erred when,

(a) limiting the defense's crime-scene-reconstruction expert from testifying on the credibility of State's witnesses and using photographic and computer-animated evidence, *id.* at ¶ 37;

(b) excluding the testimony of the defense's false-confession expert, who was to opine on the veracity of Petitioner's confession and give information on "the phenomenon of false confessions generally," *id.* at ¶ 53;

(c) precluding testimony of potentially exculpatory defense witnesses, because Petitioner insisted on not disclosing their names, *id.* at ¶ 86;

(d) denying the defense's motion to suppress Petitioner's confession, as violating *Miranda*, 384 U.S. 436 (1966), *id.* at ¶ 90;

(e) engaging in (a) through (d), as cumulative error, denying Petitioner a fair trial, *id.* at ¶ 35.

(2) Utah Code § 76-3-207.7 (2022) ("A person who has . . . been convicted of first degree felony aggravated murder . . . shall be sentenced by the court . . . [to] life in prison without parole; or . . . an indeterminate prison term of not less than 25 years and that may be for life."), is unconstitutional because it,

(a) is too vague, as it "does not list the factors a sentencing court must consider when deciding whether to impose a sentence of 25 years to life or LWOP," *id.* at ¶ 110;

**(b) "violates the due process** and equal protection **clause**s **of the** Utah Constitution and the **Federal Constitution**," *id.* at ¶ 109; (Br. of Appellant, ECF No. 9-9, at 22).

(c) "runs afoul of the uniform operation of laws and unnecessary rigor provisions of the Utah Constitution, *id.*;

    (d) "violates the Cruel and Unusual Punishment Clause of the Federal

Constitution," *id.*

  (3) Station-house confessions should be recorded under judicial mandate, *id.*

  Obviously, none of the claims on direct appeal involved ineffective assistance of counsel.

## II. MOTION TO DISMISS

  In its Motion to Dismiss, (ECF No. 9), Respondent argues that Petitioner's remaining issues (A), (B)(3), and (B)(4) are procedurally defaulted.

### A. Exhaustion

  "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C.S. § 2254(b)(1)(A) (2022). A state inmate must show exhaustion of available state remedies. *See McCormick v. Kline*, 572 F.3d 841, 851 (10th Cir. 2009). To meet the demands of exhaustion, the inmate must fairly submit any claims to the state's highest court--either through direct review or postconviction challenge--before bringing them in federal court. *See Fairchild v. Workman*, 579 F.3d 1134, 1151 (10th Cir. 2009). A claim is considered exhausted only if the inmate presented "the state courts with the same claim he urges upon the federal courts." *Picard v. Connor*, 404 U.S. 270, 276 (1971).

  Here, the only claims Petitioner raised all the way to the Utah Supreme Court were those he brought on direct appeal. But only one of those claims raised to the supreme court on direct appeal is similar to a claim (about the sentencing statute violating due process under *Apprendi*) in this federal petition. That one claim then is the only one that can be said to be exhausted. Petitioner did not present any of the other issues in this federal petition before the highest Utah

5

court available, the Utah Supreme Court. All remaining claims, except the one about due process in sentencing under *Apprendi*, before this Court are therefore unexhausted.

## B. Procedural Default

### 1. Unexhausted Issues

The United States Supreme Court has declared that when a petitioner has "'failed to exhaust his state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred' the claims are considered exhausted and procedurally defaulted for purposes of federal habeas relief." *Thomas v. Gibson*, 218 F.3d 1213, 1221 (10th Cir. 2000) (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)). And it is clear here that the Utah Supreme Court, to which Petitioner would need to raise any of his unexhausted claims (both regarding ineffective assistance of counsel) would conclude that those claims are procedurally barred.

First, all deadlines have long since passed for Petitioner to challenge any of the decisions against him--including ineffective assistance of counsel. *See* Sup. Ct. R. 13.1 (giving "90 days after entry of the judgment" to file "petition for a writ of certiorari to review a judgment . . . entered by a state court of last resort"); Utah R. App. P. 48(a) (stating "petition for a writ of certiorari must be filed with the Supreme Court clerk within 30 days after the Court of Appeals' final decision is issued"); *see also* Utah Code. Ann. § 78B-9-107(1) (2022) (setting forth Utah's "Statute of limitations for postconviction relief," which reads in pertinent part, "[a] petitioner is entitled to relief only if the petition is filed within one year after the day on which the cause of action has accrued").

Second, Utah's Postconviction Remedies Act states in relevant part:

> A petitioner is not eligible for relief under this chapter upon any ground that:

> . . .
> (b) was raised or addressed in the trial court, at trial, or on appeal;
> (c) could have been but was not raised in the trial court, at trial, or on appeal;
> (d) was raised or addressed in any previous request for post-conviction relief or could have been, but was not, raised in a previous request for post-conviction relief; or
> (e) is barred by the limitation period established in Section 78B-9-107.

Utah Code Ann. § 78B-9-106(1) (2022).

Based on the Court's review of Utah cases, this rule is an "independent and adequate state procedural ground" for dismissal of Petitioner's case in that it is "'strictly or regularly followed' and employed 'evenhandedly to all similar claims.'" *See Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002) (quoting *Hickman v. Sears*, 160 F.3d 1269, 1271 (10th Cir. 1998)) (quotation omitted in original); *see, e.g., Pinder v. State,* 2015 UT 56, ¶ 23 (holding petitioner's claims procedurally barred "because they could have been but were not brought at trial or on appeal"); *Kell v. Utah*, 194 P.3d 913, 918 (Utah 2008) (holding post-conviction court correctly dismissed claims that had been previously raised and rejected, or could have been but were not raised, on direct appeal); *Hutchings v. Utah*, 84 P.3d 1150, 1153 (Utah 2003) (affirming dismissal of all claims that were raised, or could have been raised, in prior proceedings); *Hattrich v. State*, 2019 UT App 142, ¶ 24 (holding claim procedurally barred under § 78B-9-106(1)(b)); *State v. Stone*, 2004 UT App 369, ¶ 5 (unpublished) (declining to consider all claims that were raised or could have been raised at trial or on direct appeal).

Both Petitioner's unexhausted issues here--ineffective assistance of trial counsel regarding "an instruction on imperfect self-defense" and "the relevance of the previous gunfire," (ECF No. 1, at 11-12)--could have been raised in his direct appeal. Under Utah law, then, Petitioner may not raise these unexhausted arguments in future state postconviction petitions,

7

and the state courts would determine them to be procedurally barred. *See* Utah Code Ann. § 78B-9-106(1) (2022).

To surmount procedural default, a petitioner must demonstrate either "cause for the default and actual prejudice as a result of the alleged violation of federal law" or "that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. "'[C]ause' under the cause and prejudice test must be something *external* to the petitioner, something that cannot fairly be attributed to him." *Id.* at 753. To establish prejudice, "a petitioner must demonstrate actual prejudice resulting from the alleged constitutional violation" of which he complains. *Johnson v. Champion*, 288 F.3d 1215, 1227 (10th Cir. 2002) (internal quotation marks omitted).

The fundamental-miscarriage-of-justice exemption to procedural default "is a markedly narrow one, implicated only in extraordinary cases where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Magar v. Parker*, 490 F.3d 816, 820 (10th Cir. 2007) (brackets and internal quotation marks omitted). An actual-innocence claim must be supported by new evidence suggesting "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

But Petitioner has argued neither cause and prejudice, nor a fundamental-miscarriage-of-justice, excuses his procedural default. The Court therefore concludes that Petitioner's issues are procedurally defaulted and denies Petitioner federal habeas relief on these two issues of ineffective assistance of counsel (regarding "an instruction on imperfect self-defense" and "the relevance of the previous gunfire"). (ECF No. 1, at 11-12.)

## 2. Exhausted Issue

The only remaining issue then is whether the statute controlling Petitioner's sentence violated *Apprendi*, because facts necessary to sentencing were not found by the jury. (ECF No. 1, at 7.) One way to dispose of this issue is to deem it procedurally defaulted. After all, though it was exhausted because it was raised on state appeal, it was inadequately briefed and therefore arguably not considered on the merits.

A review of Petitioner's state appellate briefs reveals that his entire argument based on *Apprendi*, 530 U.S. at 466, was just three sentences:

> "[T]he statute violates due process since it removes the question of deciding aggravating and mitigating factors from the jury and makes it a judicial question. *Ring v. Arizona*, 536 U.S. 584 (2002) (jury must find the existence of aggravating factors necessary for death sentence); *Apprendi v. New Jersey*, 530 U.S. 466 (2000) (any factor that enhances a person's potential sentence must be proven to the jury beyond a reasonable doubt). Defendant argues the statute violates his right to have this punishment decided by the jury, since the sentence of life without parole constitutes an aggravating factor in sentencing).

(ECF No. 9-9, at 103.)

In turn, the Utah Supreme Court summarily disposed of this argument in three sentences:

> Mr. Perea next argues that section 76-3-207.7 violates the due process protections contained within the Utah and United States Constitutions. While he cites to relevant constitutional provisions, he provides absolutely no analysis as to how those provisions render his sentence unconstitutional. Because an issue is inadequately briefed "when it merely contains bald citation[s] to authority [without] development of that authority and reasoned analysis based on that authority," *Smith v. Four Corners Mental Health Center, Inc.*, 2003 UT 23, ¶ 46, 70 P.3d 904 (alteration in original) (internal quotation marks omitted), we decline to address Mr. Perea's assertion that section 76-3-207.7 violates his due process rights.

*Perea*, 2013 UT 68, ¶ 120; *see* Utah R. App. P. 24(a)(5), (8) (requiring appellant to provide written brief containing "statement of the issues . . . presented for review" and arguments incorporating "reasoned analysis supported by citations to legal authority and the record" that explain "why the party should prevail on appeal").

### a. Independent and Adequate State Ground

Based on the Court's review of Utah cases, in 2013 and before, this rule was an "independent and adequate state procedural ground[s]" for dismissal of Petitioner's case in that it was "'strictly or regularly followed' and employed 'evenhandedly to all similar claims.'" *See Hamm*, 300 F.3d at 1216 (quoting *Hickman v. Sears*, 160 F.3d 1269, 1271 (10th Cir. 1998)) (quotation omitted in original); *see, e.g., Peak Alarm Co. v. Salt Lake City Corp.*, 2010 UT 22, ¶ 67 (declining to address asserted trial-court error when appellant's brief provided no meaningful analysis on issue); *Giusti v. Sterling Wentworth Corp.*, 2009 UT 2, ¶ 50 (same); *State v. Wareham*, 772 P.2d 960, 966 (Utah 1989) (declining to address asserted trial-court error when appellant's brief provided no meaningful analysis on issue); *State v. Womack*, 967 P.2d 536, 540 n.1 (Utah Ct. App. 1998) (declining to address asserted trial-court error when appellant's brief provided no meaningful analysis on issue).

As noted in Section "B.1." above, under federal law, this Court must therefore dismiss Petitioner's defaulted issues unless cause-and-prejudice or a fundamental miscarriage of justice redeems their default. *See Gonzales v. Jordan*, No. 01-6415, 2002 WL 1203905, at *3-4 (10th Cir. June 5, 2002) (unpublished).

### b. Cause and Prejudice

Petitioner asserts cause-and-prejudice redeems his procedural default of this issue.

### i. Not enough pages allowed for adequate briefing

Petitioner first argues that his "appellate counsel requested additional pages beyond what the appellate rules normally permit so that he could brief all of the significant claims Mr. Perea had available on appeal" and that "[t]he Utah Supreme Court granted some, but not all, of what was requested," so that Petitioner's "brief could not address each claim, including the *Apprendi* claim, to the extent required by that court." (ECF No. 1, at 9.)

This argument does not satisfy the cause standard that "'some objective factor external to the defense' impeded his compliance with Utah's procedural rules." *Dulin v. Cook*, 957 F.2d 758, 760 (10th Cir. 1992) (citations omitted). The Utah Supreme Court, in granting Petitioner's request to *double* the length of his appellate brief, can surely not be said to have impeded his compliance with procedural rules; much to the contrary, the supreme court generously allowed Petitioner to go well beyond the constraints of the procedural rule. (ECF No. 9-5, at 1.) And, as opposing counsel had pointed out in response to Petitioner's overlength brief request, "Appellate counsel is not obligated to raise every nonfrivolous issue on appeal . . . [and may] winnow out weaker claims in order to focus effectively on those more likely to prevail." (ECF No. 9-7 (quoting *Lafferty v. State*, 2007 UT 73, ¶ 49 (quotation marks and citations omitted; alteration in original)). Petitioner's appellate counsel made every judgment call on which issues to pursue and how much space to give each of them in the brief. From the length of the *Apprendi* argument (compared with other arguments) in Plaintiff's brief, one would have to believe that counsel made the reasoned decision that the argument was not strong and effectively conceded it. Appellate counsel alone knows why the decision was made to not winnow more of his weaker claims; instead, counsel raised seven main issues, with sixteen subparts between them, and giving substantially more effort and pages to other issues, none of which were successful.

Perhaps one can say that winnowing was essentially done by giving the *Apprendi* argument such short shrift. Indeed, Petitioner's inadequately briefed *Apprendi* claim is the only claim the supreme court refused to consider because of inadequate briefing.

### ii. Ineffective-assistance-of-counsel argument

Second, it is possible that Petitioner argues that ineffective assistance of counsel in raising the *Apprendi* argument constitutes cause to excuse procedural default. It is true that "[a]ttorney error that constitutes ineffective assistance of counsel is cause." *Coleman*, 501 U.S. at 754-54. This is because, if the procedural default is the result of ineffective assistance of counsel, the Sixth Amendment itself requires that responsibility for the default be imputed to the State." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To be clear, the attorney's error "constitutes a violation of petitioner's right to counsel, so that the error must be seen as an external factor, i.e., 'imputed to the State.'" *Coleman*, 501 U.S. at 754; *see also Evitts v. Lucey*, 469 U.S. 387, 396 (1985) ("The constitutional mandate [guaranteeing effective assistance of counsel] is addressed to the action of the State in obtaining a criminal conviction through a procedure that fails to meet the standard of due process of law.").

However, any other ineffective-assistance-of-counsel claim that Petitioner thinks may support a cause argument must *itself* be properly exhausted in state court to be validly used as cause; however, any such claims are now foreclosed in state court. And because it was Petitioner who did not raise any of these allegedly cause-supporting ineffective-assistance-of-counsel claims on appeal or post-conviction review, he may not now avail himself of such ineffective assistance of counsel to excuse his procedural default here. For instance, postconviction counsel could have possibly raised ineffective assistance of appellate counsel because appellate counsel did not adequately brief the *Apprendi* issue.

12

When there exists no successful ineffective-assistance-of-counsel claims, the argument of ineffective assistance of counsel may not be used to support an argument of cause to avoid procedural default. *Thompson v. Benzon*, No. 2:18-CV-320-DAK, 2021 U.S. Dist. LEXIS 170485, at *13-14 (D. Utah Sept. 7, 2021). Finally, because "the Constitution provides no right to counsel in a collateral proceeding," lack of or ineffective post-conviction counsel does not establish cause. *Sayed v. Trani*, 731 F. App'x 691, 697 (10th Cir. 2018).

### iii. Conclusion

In sum, the Court concludes that Petitioner's issues are procedurally defaulted. And, based on Petitioner's arguments, these issues do not qualify for consideration under the cause-and-prejudice exception to the procedural bar. The Court thus denies Petitioner federal habeas relief.

### C. Alternative Disposition of *Apprendi* Issue on Merits

Despite the arguable existence of procedural default as to Petitioner's *Apprendi* claim, Petitioner appears to alternatively urge the Court to view the Utah Supreme Court's decision as merits-based. He states, "The [s]upreme [c]ourt's decision in *Perea* not to weigh in on the *Apprendi* claim simply shows it was unpersuaded by the arguments raised by appellate counsel." (ECF No. 29, at 6.) Petitioner therefore attacks the supreme court's decision on the merits.

But, fatal to his *Apprendi* claim, Petitioner's arguments do not observe the mandated federal habeas standard of review, which is found in § 2254, under which this habeas petition is filed. It states:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

13

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C.S. § 2254 (2022).

The Court's inquiry centers on whether the Utah Supreme Court's rejection of Petitioner's claims "was contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C.S. § 2254(d)(1) (2022). This "'highly deferential standard,'" *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (citations omitted); *see also Littlejohn v. Trammell*, 704 F.3d 817, 824 (10th Cir. 2013), is "'difficult to meet,' because the purpose of AEDPA is to ensure that federal habeas relief functions as a '"guard against extreme malfunctions in the state criminal justice systems,"' and not as a means of error correction." *Greene v. Fisher*, 565 U.S. 34, 38 (2011) (quoting *Harrington v. Richter*, 562 U.S. 86, 102 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment))). The Court is not to determine whether the supreme court's decision was correct or whether this Court may have reached a different outcome. *See Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003). "The role of federal habeas proceedings, while important in assuring that constitutional rights are observed, is secondary and limited." *Barefoot v. Estelle*, 463 U.S. 880, 887 (1983). And, most crucial here, "[t]he petitioner carries the burden of proof." *Cullen*, 131 S. Ct. at 1398.

The highly demanding standards of review imposed on federal habeas review are meant to pose a big obstacle to habeas petitioners. *Harrington*, 562 U.S. at 102. Section 2254(d) "stops

14

short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings." *Id*. It maintains power to issue the writ when no possibility exists that "fairminded jurists could disagree that the state court's decision conflicts with th[e Supreme] Court's precedents. It goes no further." *Id.* And again, most critically in this case, to prevail in federal court, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103.

Having set forth Petitioner's burden in this action, the Court concludes that Petitioner has abjectly failed to heed the required standard of review at every moment of this case. He has never even acknowledged the standard of review or his burden, nor has he carried his burden, to show any of the things required by the federal habeas statute: that the Utah Supreme Court's decision affirming his conviction "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C.S. § 2254(d) (2022). His flat assertions of error, unsupported by analysis, do not warrant federal habeas relief.

### III. MOTION FOR STAY

Finally, the Court addresses Petitioner's motion for a stay under *Rhines v. Weber*, 544 U.S. 269, 275 (2005). *Rhines* gives this Court discretion to stay a mixed habeas petition--one containing both exhausted and unexhausted claims--while the petitioner goes back to state court to exhaust any unexhausted claims, *id*. at 277. A stay may be allowed when: (1) the petitioner shows good cause for failing to first exhaust the claims in state court; (2) the unexhausted claims

potentially have merit; and (3) it does not appear that the petitioner used tactics intended to delay the litigation. *Id*. at 277-78.

In requesting the stay, Petitioner recognizes his failure to exhaust, but asserts that technical exhaustion--i.e., anticipatory procedural default--is not warranted here. (ECF No. 29, at 3); *see also Fontenot*, 4 F.4th at 1019 ("[I]n appropriate circumstances the court can apply an 'anticipatory procedural bar' to functionally transform unexhausted claims into exhausted ones, thus obviating the need to dismiss a mixed petition."). Though it is clear that the direct appeal process has run its course and the postconviction-application process, having been used twice, is no longer available, Petitioner argues that "Utah law does have various mechanisms that are not time barred." (*Id.*) Only as general hypotheticals, with no real specifics on how he would use them, he describes these mechanisms as follows:

(A) The Utah Supreme Court has stated it has "constitutional authority" to consider an untimely petition "if a petitioner makes a showing that the [state postconviction statute's] limitations 'run afoul of the Suspension Clause, or some other provision, of the Utah Constitution.'" (*Id.* (quoting *Patterson v. State*, 504 P.3d 92, 137 (Utah 2021).) But Petitioner does not hint how this could possibly be applicable to him, until his reply brief when he simply says, "Mr. Perea will argue that the fact that he was represented in postconviction by his trial attorney unconstitutionally deprived him of important rights." (ECF No. 34, at 3.) Earlier in this Order, the Court already rejected Petitioner's assertions that he was victimized by a conflict of interest when his trial counsel represented him in his postconviction actions. First, regarding the argument that Petitioner's LWOP sentence violated *Apprendi*, in footnote one above, the Court determined this issue was preserved at trial, so neither trial nor appellate counsel could have been ineffective for failing to raise the issue. Second, regarding the argument that counsel was

16

ineffective for failing to "point out the necessity of [specifically] finding that the LWOP sentence was proportionate to the crime and [Petitioner's] culpability," (ECF No. 1, at 9), in footnote two here, the Court determined the actual issue of the vagueness of the sentencing statute was fully treated by the Utah Supreme Court, so neither trial counsel nor appellate counsel could have been ineffective for failing to raise the issue. There was thus no conflict of interest for trial-counsel-turned-postconviction-counsel because there was no ineffective assistance of trial or appellate counsel to be raised on these issues.

      (B) Utah Rule of Appellate Procedure 20 empowers "a petitioner to directly seek a writ of habeas corpus from the Utah Supreme Court," which Petitioner says "could be particularly appropriate in a case like this, where the legal claims can be resolved on the state court record without the need for additional factfinding." (*Id.*) What he means by this bald assertion can only be guessed, for he provides no other meat on the lean bones of this supposed option for further review of his severely belated ineffective-assistance-of-counsel claims. He gives no clue what this procedure would look like, how it could be applied here, or of any concrete plans to engage in it.

      (C) The Utah Supreme Court could entertain "a motion to recall the remittitur." (*Id.*) Petitioner inexplicably speculates that this "option could be useful in the event that the court concludes that Mr. Perea's *Apprendi* claim is not exhausted." Without any context about what the conditions under which this procedure could be triggered or accessed, or whether it is practically suitable to the circumstances of this case, the Court is left with more bafflement. It is true that in his reply brief, Petitioner takes a stab at better qualifying the circumstances under which this mechanism is generally available; however, he does not explain why he did not bring the *Alleyne* case to the Utah Supreme Court's attention in some way even after briefing there was complete,

17

if he honestly believed the case was so pivotal. *See Alleyne v. United States*, 570 U.S. 99 (2013). He instead blames the supreme court for not analyzing a case that was not part of Petitioner's arguments and not brought to its attention in any way, even after briefing was complete but before its decision was rendered.

Based on Petitioner's failure to explain with appropriate particularity how any of these mechanisms are practically tenable ways for him to exhaust his two ineffective-assistance-of-counsel claims, the Court affirms its earlier conclusion that these claims are technically exhausted and procedurally defaulted. This means that Petitioner has not brought a mixed petition, but instead a fully exhausted petition; thus, there is nothing to stay. *See Domenech v. Williams*, No. 19-CV-2734-CMA, 2020 U.S. Dist. LEXIS 59863, at *18 (concluding because petitioner had "not presented the Court with a mixed petition . . ., a stay under *Rhines* is not even implicated"). A stay is therefore denied.

## IV. CONCLUSION

Petitioner's ineffective-assistance-of-counsel and *Apprendi* challenges are procedurally barred and do not merit exceptional treatment. Alternatively, the *Apprendi* issue fails a merits review under the federal habeas standard of review. The Court thus denies Petitioner federal habeas relief.[3]

---

[3] Having necessarily spent an inordinate amount of time researching and analyzing all the issues properly and improperly raised in this case, the Court notes that Petitioner's "counseled petition can most accurately be described as skeletal." *See Navarette v. Horton*, No. 22-2127, 2023 U.S. App. LEXIS 2832, at *2 (10th Cir. Feb. 6, 2023) (unpublished).

The flaws of Petitioner's briefing are numerous: For instance, the "Procedural Background" and "Statement of Facts" include no cites to the record except offhandedly to the three Utah Court of Appeals' *Perea* cases; the *Apprendi* issue is but a thumbnail sketch of an argument; claims of ineffective assistance of counsel do not mention the pivotal case, *Strickland v. Washington*, 466 U.S. 668 (1984), let alone make any meaningful attempt to reference or apply its principles; the exhaustion and *Martinez* arguments are essentially obfuscation; the two ineffective-assistance-of-counsel claims regarding an "imperfect self-defense" jury instruction and sentencing argument are obviously unexhausted, yet that failure to exhaust is flouted; and, throughout, there is a lack of detailed, reasoned analysis applying relevant precedent. (ECF No. 1.) Moreover, the substantive analysis regarding the one exhausted

**IT IS ORDERED** that:

**(1)** Respondent's Motion to Dismiss is **GRANTED**. (ECF No. 9.)

**(2)** Petitioner's motion for a stay is **DENIED**. (ECF No. 28.)

**(3)** A certificate of appealability is **DENIED**.

DATED this 22nd day of March, 2023.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge

---

issue in this federal habeas petition--applicability of *Apprendi*--completely and fatally disregards the federal habeas standard of review. *See* 28 U.S.C.S § 2254(d) (2022).

The court should not need to highlight the fact that every federal habeas petition must recognize at its outset that all arguments within the petition are controlled by the federal habeas statute. *Id.* § 2254. The statute should inform every issue chosen for review and how those issues are developed and argued. The issues and arguments should reflect thoughtful consideration of the high threshold for obtaining a remedy, truly recognizing that relief "shall not be granted" regarding

> any claim that was adjudicated on the merits in State court unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* § 2254(d). Meanwhile, this counseled petition entirely ignores the federal habeas statute.

Considering the involvement of counsel, it is surprising that this petition is borderline frivolous. "Contrary to the assertions . . . of counsel, the facts of this case are governed by well-defined existing law." *Mesa Underwriters Specialty Ins. Co. v. Heskett*, No. 22-1116, 2022 U.S. App. LEXIS 335207, at *13 (10th Cir. Dec. 20, 2022) (unpublished). "Ignoring pertinent legal authority does not constitute a good-faith argument for an extension, modification, or reversal of existing law." *Id.* "An attorney must 'exhibit some judgment' in deciding whether it is appropriate to pursue [habeas relief]." *Id.* at 14 (quoting *Braley v. Campbell*, 832 F.2d 1504, 1512 (10th Cir. 1987)). "In a case such as the one before [this Court], an attorney must realize, even if a party does not, that the decision [to challenge state-court decisions] should be a considered one, taking into account what the [state supreme court] has said, not a knee-jerk-reaction to every unfavorable ruling." *Braley*, 832 F.2d at 1513.

Here again, Petitioner identified issues but did not legitimately analyze those issues. Several of Petitioner's arguments include misleading takes on the law. This action could properly be viewed as a waste of the parties' and the Court's valuable time. *See Grynberg Petroleum Co. v. Evergreen Energy Partners, LLC*, 485 F. Supp. 2d 1217, 1224 n.4 (D. Colo. May 2, 2007) (stating counsel "waste[d] the court's time" and admonishing "counsels' sloppiness and poor judgment").

19